IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:19-cr-29 |
| | ) |
| | ) By: Michael F. Urbanski |
| WOOD DAVID CARROLL, | ) |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Wood David Carroll's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 49. The Federal Public Defender filed a response, indicating that it would not be filing any additional pleadings on Carroll's behalf, ECF No. 52. The government has filed a response opposing Carroll's motion, ECF No. 56. The court will **DENY** Carroll's motion because he has not demonstrated that extraordinary and compelling reasons exist to warrant his release.

I.

On June 3, 2019, Carroll entered a guilty plea to Counts One and Two of the indictment against him. Count One charged Carroll with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count two charged Carroll with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). This court sentenced Carroll to 52 months imprisonment and three years of supervised release. Carroll is scheduled to be released on October 9, 2022 and is currently housed at FCI Morgantown.

On June 19, 2020, Carroll filed a pro se motion seeking compassionate release due to the COVID-19 pandemic. In his motion, Carroll asserts that he sent a request to the warden on April 22, 2020 seeking compassionate release and received a denial on May 5, 2020. Carroll then appealed that decision and was again denied on May 22, 2020. Carroll was also denied COVID home confinement by the Bureau of Prisons (BOP). Carroll asks the court to reduce his sentence because he is at a heightened risk of contracting COVID-19 due to having contracted tuberculosis as a child and previously suffering from pneumonia.

**II**.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The U.S. Sentencing Guidelines Manual ("USSG") published a Policy Statement that advises, in part, that a court should consider whether extraordinary and compelling reasons warrant a reduction in an inmate's sentence. USSG § 1B1.13. The Application Notes for the Policy Statement state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)). Here, Carroll has failed to establish that such extraordinary compelling reasons warrant a reduction in his sentence. Carroll argues that a prior diagnosis of tuberculosis and having previously suffered from pneumonia on multiple occasions create the extraordinary and compelling circumstances. The court disagrees. Under the Policy Statement and Application Notes, the court is encouraged to consider if the inmate's medical conditions prove sufficiently extraordinary and compelling to justify a sentence modification. See USSG

§ 1B1.13, n. 1(A). With respect to medical conditions, "[w]hen assessing compassionate release motions during the pandemic, the Court examines the Center for Disease Control and Prevention's [CDC] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). As such, the CDC has issued guidance on specific risk factors that place individuals at a higher risk of severe outcomes from COVID-19.[1]

While the CDC lists multiple underlying medical conditions that place individuals at higher risk of severe illness if they contract COVID-19 (e.g., chronic kidney disease, chronic obstructive pulmonary disease, and serious heart conditions), Carroll has not identified that he suffers from any of the CDC-identified risk factors. In fact, Carroll's medical records indicate that his tuberculosis is resolved, and he last suffered from pneumonia in 2009. See ECF No. 56-3, at 24, 29, 44, 49. Nothing else in Carroll's motion or medical records indicate that he is more susceptible to contracting a serious case of COVID-19.[2]

Accordingly, because Carroll has not shown that he suffers from a serious medical condition that increases his risk of severe illness from COVID-19, the court finds that Carroll has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A).[3]

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited August 6, 2020).

[2] The court also notes that Carroll has not demonstrated a particularized risk of contracting COVID-19 at FCI Morgantown. See Harper, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). Current BOP records indicate that there are no active cases of COVID-19 at FCI Morgantown and that one staff member has recovered. See https://www.bop.gov/coronavirus/(last visited August 6, 2020).

[3] Because the court finds that Carroll has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release. While the court is sympathetic to Carroll's medical conditions and the risk that COVID-19 poses, "the mere existence of

## III.

For the reasons stated herein, the court **DENIES** Carroll's motion for compassionate release, ECF No. 49. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 7, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.07 17:33:16
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).